IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON,<br><br>    Plaintiff,<br>v.<br><br>A. HEDGPETH, et al.,<br><br>    Defendants. | No. C 04-1939 SBA (pr)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND TERMINATING ALL PENDING MOTIONS AS MOOT**<br><br>(Docket nos. 10, 33, 36, 41, 42, 43, 45, 49, 50, 51) |

## BACKGROUND

Plaintiff Garrison S. Johnson, a state prisoner currently incarcerated at the California Correctional Institution (hereinafter "CCI") in Tehachapi, California, filed a civil action in state court asserting violations of his federal constitutional rights against the following prison officials from Salinas Valley State Prison (hereinafter "SVSP"): Defendants A. Hedgpeth, G. Zavala, M. Williams (formerly M. Tomeo), Jeanne Woodford, A. A. Lamarque, N. Grannis, J. Burleson, K. Traynham and F. Winn. On May 17, 2004, Defendants Hedgpeth, Zavala and Williams removed the action to federal court. Removal was proper because Plaintiff asserts federal claims on the face of his complaint. See 28 U.S.C. § 1441(b). In his complaint, Plaintiff alleges that Defendants retaliated against him for filing a lawsuit against Defendant Williams in Johnson v. Williams, Case No. C 03-4909 SBA (PR)[1] by transferring him from Facility B to Facility C, which Plaintiff claims is a "higher level security prison facility." He also alleges that Defendants denied him his due process rights to attend his classification hearing prior to his transfer to Facility C. Finally, Plaintiff alleges that Defendants conspired against him to deprive him of his due process rights.

In an Order dated March 31, 2005, the Court granted Plaintiff's motion for leave to file his first amended complaint (hereinafter "FAC"). The Court directed the Clerk of the Court to mark Plaintiff's FAC as filed on July 9, 2004, the date it was received.

---

[1] In Case No. C 03-4909 SBA (PR), Plaintiff alleged that Defendant Williams, an SVSP psychologist, acted with deliberate indifference to his serious medical needs. On March 30, 2005, the Court dismissed Case No. C 03-4909 SBA (PR) as unexhausted and remanded Plaintiff's state law claims to the Superior Court of California, County of Monterey.

In a Notice of Change of Address dated July 10, 2005, Plaintiff notified the Court that he had been transferred from SVSP to Corcoran State Prison.

In an Order dated March 6, 2006, the Court directed Plaintiff to file a notice of his current address and intent to prosecute. Plaintiff notified the Court that he had been transferred to CCI in a Notice of Change of Address filed on March 15, 2006. Also on that date, Plaintiff filed his Notice of Intent to Prosecute.

On July 19, 2006, Plaintiff filed a motion to screen his FAC.

In an Order dated January 12, 2007, Plaintiff's motion to screen was granted. The Court issued an Order of Service directing Defendants to respond to Plaintiff's FAC. Because he was no longer incarcerated at SVSP, Plaintiff's claims for injunctive relief from the conditions of his confinement at SVSP were dismissed as moot. The Court found a cognizable due process claim against Defendants Hedgpeth, Zavala, Winn and Traynham. The Court also found cognizable retaliation and conspiracy claims against Defendants Williams, Zavala, Hedgpeth, Winn and Traynham. The Court found that Plaintiff did not state a cognizable claim of conspiracy with respect to the remaining Defendants, including Defendants Woodford, Lamarque, Grannis and Burleson, and his claim of conspiracy against them was dismissed with leave to amend.[2] The Court found that Plaintiff had not alleged facts sufficient to state a claim for supervisory liability against Defendants Woodford, Lamarque, Grannis and Burleson; therefore, the claims against them based on supervisory liability were dismissed without prejudice. Finally, his claims against all Doe Defendants were dismissed without prejudice and with leave to amend.[3]

---

[2] Plaintiff filed a second amended complaint (hereinafter "SAC") on February 7, 2007. However, upon reviewing his SAC, the Court notes that Plaintiff failed to amend his conspiracy claim against Defendants Woodford and Burleson. Also, the Court finds that the SAC does not state cognizable claims against Defendants Lamarque and Grannis. Plaintiff's conclusory allegations that Defendants Lamarque and Grannis conspired do not support a claim for violation of his constitutional rights under § 1983. See Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980); Lockary v. Kayfetz, 587 F. Supp. 631 (N.D. Cal. 1984) (allegations of conspiracy must be supported by material facts, not merely conclusory statements). Therefore, Plaintiff's conspiracy claim against Defendants Woodford, Lamarque, Grannis and Burleson are DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND.

[3] In his SAC, Plaintiff names two previously listed Doe Defendants as SVSP Acting Chief Deputy Warden L. E. Scribner and SVSP Sergeant D. Wikoff, and he alleges due process claims against them for approving Defendants Zavala's and Hedgpeth's transferring Plaintiff to Facility C without holding a classification hearing. The Court finds that Plaintiff has stated cognizable due process claims

2

Defendants Williams, Zavala, Hedgpeth, Winn and Traynham (hereinafter "Defendants") have filed a motion pursuant to Rule 12(b) of the Federal Rules of Civil Procedure to dismiss Plaintiff's action for failure to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).

For the reasons discussed below, Defendants' motion to dismiss is GRANTED, and all remaining pending motions are terminated as moot.

## DISCUSSION

### I. Defendants' Motion to Dismiss

#### A. Standard of Review

The Prison Litigation Reform Act amended 42 U.S.C. § 1997e to provide, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement set forth at 42 U.S.C. § 1997e(a) include allowing the prison to take responsive action, filtering out frivolous cases, and creating administrative records. Porter v. Nussle, 534 U.S. 516, 525 (2002). In order to satisfy the requirement, the exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy, and effective." Id.; Booth v. Churner, 532 U.S. 731, 739-40 & n.5 (2001).

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." See Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution; (2) formal written appeal on a 602 inmate appeal form; (3) second level appeal to the institution head or designee; and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation. See id. § 3084.5; Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). This satisfies the administrative remedies exhaustion

---

against Defendants Scribner and Wikoff. However, the Court notes that Defendants Scribner and Wikoff have not been served and have not joined the other Defendants' motion to dismiss.

3

requirement under § 1997e(a). See id. at 1237-38.

When no other administrative remedy is available, the exhaustion requirement is deemed fulfilled. See Booth, 532 U.S. at 736 n.4. The obligation to exhaust persists as long as some remedy is available; when that is no longer the case, the prisoner need not further pursue the grievance. Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). For example, a prisoner need not exhaust further levels of review once he has either received all the remedies that are available, or been reliably informed by an administrator that no more remedies are available. Id. at 935. By contrast, an inmate was deemed not to have exhausted all available remedies where he was informed at the second formal level that his administrative appeal would be treated as a staff complaint, that any non-staff claims should be separately appealed, that further review was available if he was dissatisfied, and that his appeal was denied. Id. at 940-43.

Non-exhaustion under § 1997e(a) is an affirmative defense. Jones v. Bock, 127 S. Ct. 910, 922-23 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Defendants have the burden of raising and proving the absence of exhaustion, and inmates are not required specifically to plead or demonstrate exhaustion in their complaints. Jones, 127 S. Ct. at 921-22. Because there can be no absence of exhaustion unless some relief remains available, a movant claiming lack of exhaustion must demonstrate that pertinent relief remained available, whether at unexhausted levels or through awaiting the results of the relief already granted as a result of that process. Brown v. Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005).

**B.     Analysis**

Defendants contend that Plaintiff's due process, retaliation and conspiracy claims are unexhausted. As evidence of absence of exhaustion, Defendants point to Plaintiff's 602 inmate appeal no. SVSP-C-03-03688, where he presented the same allegations as in the present case. (McDonough Decl., Ex. B.)

The record shows that appeal no. SVSP-C-03-03688 was submitted by Plaintiff on September 11, 2003 and was denied at the informal level on October 12, 2003. (Id.) On October 30, 2003, Plaintiff filed a formal level appeal, which was denied on November 21, 2003. (Id.) He appealed it

4

to the second level, which was partially granted on January 21, 2004 because Plaintiff had been referred for transfer consideration. (Id.) Plaintiff then appealed to the Director's level, and his appeal was received on March 29, 2004. (Grannis Decl. ¶ 6.) While awaiting the Director's level decision, Plaintiff filed his suit in state court on April 5, 2004. Plaintiff's appeal was eventually exhausted on June 16, 2004, when it was denied at the Director's level. (Errata: Grannis Decl., Ex. A; Pl.'s Decl., Ex. A.) Thus, although the appeals process was exhausted, Plaintiff did not satisfy the administrative remedies exhaustion requirement because he only received the Director's level decision two months after he filed suit in state court.

Plaintiff claims that he submitted his appeal to the second level on December 27, 2003, but the second level response was delivered to him on March 19, 2004. (Errata: Pl.'s Opp'n at 6.) According to Plaintiff, the second level response should have been completed "within 20 working days, or 30 working days" from the date it was submitted for review. (Id. [citing CAL. CODE REGS. tit. 15, § 3084.6(b)(3)].) He states: "[I]f [he] would have received a timely response to his appeal his administrative remedies would of [sic] been exhausted prior to the filing of his state court action. In considering the above facts plaintiff's administrative remedies were exhausted at the time he filed this action in state court." (Id. at 6.) Plaintiff's argument is unavailing. Even if there was a delay in his receipt of the second level response, the record shows that a few days after receiving the second level response Plaintiff appealed it to the Director's level. In fact, as mentioned above, his appeal was received on March 29, 2004. Plaintiff was well-aware that he had remaining available administrative remedies that were still pending when he filed his state court action a week later on April 5, 2004. Therefore, contrary to Plaintiff's assertions, he did not exhaust his available administrative remedies before he filed suit in state court.

Plaintiff also argues that Defendants' motion to dismiss should be denied because he amended his complaint in 2005, after he exhausted his available administrative remedies. (Pl.'s Opp'n at 3.) Specifically, Plaintiff claims that the Court should find that Plaintiff exhausted his administrative remedies because he was granted leave to amend his complaint and he "stated in his motion to amend that he was amending the complaint for the purpose of complying with administrative remedies

exhaustion requirements, and adding additional parties." (Errata: Pl.'s Opp'n at 3.) Plaintiff's argument is without merit. In its Order dated March 31, 2005, the Court granted Plaintiff's motion for leave to file an amended complaint as of right. See Fed. R. Civ. P. 15(a) (a plaintiff may amend his complaint once as a matter of course at any time before a responsive pleading is served). Nowhere in the Court's Order does it state that Plaintiff was given leave to amend his complaint to "comply with the exhaustion requirement," as he argues in his opposition.

The record shows that Plaintiff failed to exhaust before filing the suit in state court; therefore, this action must be dismissed. See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (an action must be dismissed unless the prisoner exhausted his available administrative remedies before he or she filed suit, even if the prisoner fully exhausts while the suit is pending); see also Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted before the prisoner sends his complaint to the court it will be dismissed even if exhaustion is completed by the time the complaint is actually filed).

Because Plaintiff failed to exhaust before filing suit, the Court finds that he did not exhaust administrative remedies with respect to the claims alleged in this action in a timely or complete manner. Accordingly, Defendants' motion to dismiss this action as unexhausted (docket no. 33) is GRANTED.

**II.   Defendants Scribner and Wikoff**

As noted above, Defendants Scribner and Wikoff have not been served and have not joined the other Defendants in their motion to dismiss.

It is apparent, however, that the allegations against Defendants Scribner and Wikoff in Plaintiff's SAC are the same as those against the other Defendants. There is no suggestion in the complaint, the exhibits attached thereto, or in the briefs and exhibits filed in connection with the present motion to dismiss, that the analysis differs with respect to Defendants Scribner and Wikoff as opposed to the other Defendants. Cf. Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44 F.3d 800, 802-03 (9th Cir.), cert. denied, 516 U.S. 864 (1995) (summary judgment may be properly entered in favor of unserved defendants where (1) the controlling issues would be the same as to the unserved defendants, (2) those issues have been briefed, and (3) Plaintiff has been provided an

6

opportunity to address the controlling issues) (citations omitted). The Court has found that Plaintiff did not exhaust administrative remedies with respect to the claims against the other Defendants in this action; therefore, he cannot prevail on his claims against Defendants Scribner and Wikoff. Accordingly, the claims against Defendants Scribner and Wikoff are DISMISSED as unexhausted.

## CONCLUSION

For the foregoing reasons,

1. Defendants' motion to dismiss (docket no. 33) is GRANTED. Plaintiff's claims against Defendants Williams, Zavala, Hedgpeth, Winn and Traynham are DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies. Similarly, his claims against Defendants Scribner and Wikoff are also DISMISSED WITHOUT PREJUDICE as unexhausted.

2. Plaintiff's conspiracy claim against Defendants Woodford, Lamarque, Grannis and Burleson are DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND.[4]

3. The Clerk of the Court shall close the file and terminate as moot all pending motions, including Plaintiff's motion for summary judgment (docket no. 36)[5] and all other outstanding motions (docket nos. 10, 41, 42, 43, 45, 49, 50, 51).

4. This Order terminates Docket nos. 10, 33, 36, 41, 42, 43, 45, 49, 50 and 51.

IT IS SO ORDERED.

DATED: September 28, 2007

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[4] See supra note 2.

[5] Plaintiff has filed a motion for summary judgment which consists of a statement that no genuine issues of material fact remain in dispute and he is entitled to judgment as a matter of law (docket no. 36). Defendants have asked the Court to rule on their motion to dismiss prior to proceeding with Plaintiff's motion for summary judgment. For the reasons discussed above, the Court has granted Defendants' motion to dismiss and has dismissed this action for failure to exhaust administrative remedies. Accordingly, Plaintiff's motion for summary judgment (docket no. 36) is DENIED as moot.

P:\PRO-SE\SBA\CR.04\Johnson1939.MTD.frm    7